# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

LAURA STICH

    Plaintiff,

vs.

ASSURED ENTERPRISES, INC.,
and STEPHEN M. SOBLE

    Defendants.

CLASS ACTION COMPLAINT

Case No. 17-296

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Laura Stich, individually and on behalf of all others similarly situated ("Plaintiff"), complains of Assured Enterprises, Inc. and Stephen M. Soble (collectively referred to as "Defendants"), as follows:

### I. INTRODUCTION

1. Defendants have not paid Plaintiff for work she has performed, and Defendants have requested that Plaintiff work without pay. Defendants' conduct is a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, as well as a breach of contract. On information and belief, Defendants have been advised by their employee benefits consultants that their failure to timely pay their employees is a violation of the FLSA, but Defendants have willfully, knowingly and intentionally elected to act contrary to the law.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 29 U.S.C. §216(b). The action is brought as an "opt-out" class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on her own behalf and on behalf of all persons within the Class as hereinafter defined.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant Assured Enterprises, Inc.'s principal place of business is in Austin, Texas and because Defendant has at all relevant times maintained offices in Travis County, Texas and committed wrongful conduct against members of the class in Travis County, Texas.

### III. THE PARTIES

4. Plaintiff Laura Stich is a former employee of Defendants who resides in Austin, Texas.

5. Defendant Stephen M. Soble is believed to be a citizen of Virginia who may be served with process at 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182.

6. Defendant Assured Enterprises, Inc. is a Delaware corporation with its principal place of business in Austin, Texas. Assured Enterprises, Inc. may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant Assured Enterprises, Inc. provides computer security services to private companies and the United States military. Its gross sales volume exceeds $500,000 per year, and it controls the means and methods by which its employees are paid. Its employees are in at least five separate states and, during the relevant time frame, were engaged in commerce within the meaning of the FLSA.

8. Defendant Soble is an "employer" as within the meaning of the FLSA. *See e.g. Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)("'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid

wages.'"). He is an officer of Assured Enterprises, Inc. and has managerial responsibilities and substantial control over the terms of conditions of the work performed by employees.

## IV. FACTUAL ALLEGATIONS

9. From August 22, 2016 until March 9, 2017, Plaintiff Laura Stich worked for Defendants as their Vice President, Commercial Operations, with an agreed annual salary of $168,000.00, paid bimonthly, and up to $800 per month for reimbursement of medical insurance premiums.

10. Beginning in October of 2016, Defendants failed to pay Plaintiff her wages in a timely fashion. Defendants specifically requested that Plaintiff continue to work and promised Plaintiff that wages would be paid in the near future. Despite repeated assurances of payment, Defendants refused to pay Plaintiff for earned wages. Defendants paid Plaintiff intermittently but have not paid her for the following pay periods: August 22 through September 30, the second half of November, any of December, the second half of January, the second half of February, and any of March. Defendants blamed the delays of various billing and technical problems.

11. Despite their failure to timely pay wages to Plaintiff and others similarly situated, Defendants have continued to hire personnel and promised to pay wages in the future.

## V. CAUSES OF ACTION – FLSA – FAILURE TO TIMELY PAY WAGES

12. Defendants' failure to pay Plaintiff's wages in a timely manner is a violation of the FLSA's implied duty to timely pay wages.

13. Plaintiff is entitled to the wages she is owed, as well as liquidated damages in an amount equal to the wages she is owned, as well as reasonable attorneys' fees and costs of this action.

14. Defendants' failure to pay Plaintiff was a breach of contract.

## VI. PLAINTIFF'S COLLECTIVE ALLEGATIONS

15. Plaintiff brings this collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of herself and all other similarly situated employees who are or who have been employed by Defendants in the United States of America. Plaintiff and the other employees whom Plaintiff represents have been victimized by a pattern, practice, and policy that is in violation of the FLSA. This pattern of practice is common to all members of the "class." Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts which the liability issues raise.

## VII. JURY DEMAND

16. Plaintiff, individually and for all others similarly situated, demand a trial by jury.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully request that the Court:

a. Declare this action to be maintainable pursuant to 29 U.S.C. § 216(b);

b. Direct Defendants to provide to Plaintiff a list of all persons employed by Defendants since August 22, 2013, including the last known address, telephone number and social security number of each such person, so that Plaintiff can give such persons notice of this action an opportunity to make an informed decision about whether to participate in it;

c. Determine the damages sustained by Plaintiff and the members of the Class as a result of Defendants' violations of FLSA;

d. Award those damages against Defendants, and in favor of Plaintiff and members of the Class, plus an additional equal amount as liquidated damages

pursuant to 29 U.S.C. §216(b), plus such pre- and post-judgment interest as may be allowed by law;

e. Award equitable and/or injunctive relief as permitted by law, including an injunction enjoining the Defendants from continuing to violate the FLSA;

f. Award Plaintiff and the members of the Class their costs and disbursements of this suit, including, without limitation, reasonable attorney, accountant and expert fees;

g. Award Plaintiff's damages for Defendants' breach of contract; and

h. Grant Plaintiff and the members of the Class such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _/s/ B. Russell Horton_____

B. Russell Horton
State Bar No. 10014450
**GEORGE BROTHERS KINCAID & HORTON, LLP**
1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
Email: rhorton@gbkh.com

*Attorneys for Plaintiff*